**Stephen J. Doyle**
**Attorney at Law, OSB #822428**
**12833 SE Sprout Ln.**
**Portland, OR 97222**
**Phone:  503-208-9017**
**Email:  steve@sjdoylelaw.com**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:19-cr-00596-SI-1 |
| **Plaintiff,** | |
| v. | SENTENCING MEMORANDUM OF DEFENDANT RICHARD ALBERTS, II |
| **RICHARD STEVEN ALBERTS, II,** | |
| **Defendant.** | |

## I.    BACKGROUND

Defendant was arrested on December 23, 2019.  A three count Indictment followed for:

Count 1, Conspiracy to Distribute Controlled Substances in Violation of 21 USC §§841(a)(1), 841(b)(1)(C), and 846; Count 2, against co-defendant Joseph Lucio Jimenez only, Count 3, Distribution of Heroin, 21 USC §§841(a) and 841(b)(1)(C)(i).

A lengthy and protracted plea negotiation ensued.

As a result of these negotiations, on November 23, 2020, Defendant pled guilty to Count 1 of the three count Indictment admitting that he knowingly and intentionally combined, conspired, confederated and agreed, with other persons to commit two unlawful objects of a conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(c), and

1 – SENTENCING MEMORANDUM OF DEFENDANT RICHARD ALBERTS, II

846. The two unlawful objects of the conspiracy were 1) Distribution of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, §841(a))(1, 841(b)(1)(C)(viii) and 2) Distribution of Heroin, a Schedule 1 controlled substance, in violation of Title 21, United States Code, §841(a)(1), 841 (b)(1)(C)(i).  It was agreed the other count of the Indictment implicating defendant Alberts, Count 3, would be dismissed at sentencing.

In the plea agreement the parties agreed that pursuant to USSG §2D1.1(b)(4), the defendant's base offense level is 12 (less than 10 grams of Heroin).  A two level upward adjustment applies under USSG §2D1.1(b)(4) because the object of the offense was to distribute into a prison.  A two level adjustment also applies under USSG §3B1.3, because the defendant abused the position of public trust in a manner that significantly facilitated the commission and concealment of the offense.

The parties agreed to a 3-level reduction under USSG §3E1.1, because Defendant had continued to demonstrate acceptance of responsibility.  The parties also agree that the "safety valve" is applicable to defendant's sentencing,

Because defendant has continued to demonstrate acceptance of responsibility, as required in the plea agreement, the parties jointly recommend a sentence of 12 months and one day of imprisonment under USSG §5C1.1(d)(1), to be followed by a three year term of supervised release.  It should be noted that Jessica Lehman, Senior U.S. Probation Officer, wrote in her Presentence Investigation Report that the Probation Department also recommends the one year and one day sentence agreed to in the Plea Agreement.

It should also be pointed out to the Court that defendant's plea was part of a global plea agreement that included potential charges in Washington County.  The defendant agreed to plea to Custodial Sexual Misconduct 1 in Washington County Circuit Court, Case NO. 20CR63649 in

2 – SENTENCING MEMORANDUM OF DEFENDANT RICHARD ALBERTS, II

December, 2020 for his sexual conduct with the inmate. The agreement with Washington County provided for no jail time and a supervised probation for a period of three years. This conviction has already been entered. Lastly, defendant was required to resign from his position at Coffee Creek Correctional Facility. This has been accomplished.

## II.　　SENTENCING CONSIDERATIONS

The primary directive in 18 USC §3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

> "(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) To afford adequate deterrents to criminal conduct;
> (C) To protect the public from further crimes of the defendant; and
> (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

> "(1) The nature and circumstances of the offense and the history
> And characteristics of the defendant. 18 USC §3553(a)(1);
> (2) The kind of sentences available. 18 USC §3553(a)(3);
> (3) The need to avoid unwarranted sentence disparities among
> Defendants with similar records who have been found guilty of
> Similar conduct. 18 USC §3553(a)(6); and
> (4) The need to provide restitution to any victims of the offense.
> 18 USC §3553(a)(7)."

Defendant, Richard Steven Alberts, II, in accord with the decision in *Unites States v. Booker*, 543 US 220 (2005) and 18 USC §3553(a), requests the Court to impose the one year and one day sentence agreed to by Defendant and the United States in their plea negotiations.

///

3 – SENTENCING MEMORANDUM OF DEFENDANT RICHARD ALBERTS, II

### III.  HISTORY AND CHARACTERISTICS OF DEFENDANT

Defendant grew up in Wilsonville, Oregon.  His childhood was strained due to his father's alcoholism, struggles with a gambling addiction and extramarital affairs.  As a result of his father's behavior there were many verbal and occasional physical confrontations between his parents during his childhood.  Defendant was educated in the Wilsonville Public Schools and did three and a half years of high school at Wilsonville High School.  For his last semester of high school his parents required that he attend the Oregon National Guard Youth Challenge High School in Bend, OR,  It was from that institution that he graduated.

In the fall of 2006, four months after graduating high school, defendant enlisted in the United States Marines.  He served in the Marines until he received an honorable discharge in 2011.  While in the Marines, defendant was involved in multiple combat situations and had postings in Afghanistan, Bahrain, Jordan, Oman and Guantanamo Bay.  He saw many of his platoon mates killed in combat and he also discovered a roommate in his barracks who had committed suicide.

After defendant's honorable discharge from the Marines, he spent a year in Wilsonville, OR taking care of his younger brother who has Autism.  Subsequent to that in 2013, and until 2017, defendant was fully employed in a variety of jobs.  In 2017 defendant obtained employment as a correctional officer with the State of Oregon, Department of Corrections at Coffee Creek Correctional Facility.

In 2010 defendant married his wife Courtney and they are still living as husband and wife.  They have one child, Aubrey, who is currently two years old and will turn three on March 2, 2021.

Defendant has been diagnosed with Attention-Deficit/Hyperactivity Disorder as a child and again recently in 2020.  He was also recently diagnosed with anxiety and depression in the summer of 2020 and post traumatic stress disorder in the fall of 2020.  Because defendant has been without medical insurance he has been unable to engage in mental health counseling.  It is a goal of his to engage in such counseling as soon as he is released from prison and can obtain insurance through employment.  Since his arrest, and termination of employment, defendant has been the primary care provider for his young daughter as his wife is fully employed.

Because of the loss of defendant's job and the financial hardship it has caused, defendant and his wife have just sold the family home in Tualatin.  Defendant's wife is moving to Delaware, OH with their child to be near family and to "start over".  Defendant will live with his wife when his prison term is over and defendant anticipates having his supervised release occur in Delaware, OH.

## IV.     DEFENDANT'S REQUEST FOR THE COURT TO HONOR THE SENTENCING CONTAINED IN THE PLEA AGREEMENT

Defendant comes before the Court with absolutely zero criminal history.

While defendant has been charged with serious offenses, it should be pointed out that his behavior of introducing contraband, including drugs, into the Coffee Creek Correctional Facility was done without receiving any financial compensation.  Rather, defendant had convinced himself he was in love with a young inmate and proceeded to cross a host of his internal values and boundaries.  The bottom line is that defendant's criminal activities were a fool's errand committed during a period when he believed he was in love.

## CONCLUSION

Defendant respectfully requests the Court to honor the plea agreement term of one year

and one day for sentencing.  Defendant also request the Court "recommend" he serve his sentence in Sheridan FDC,  Lastly, defendant requests he be given seven days to turn himself in to the U,S. Marshal.

    RESPECTFULLY SUBMITTED this 18th day of February, 2021.

                                        *s/ Stephen J. Doyle*
                                        STEPHEN J. DOYLE, OSB 822428

6 – SENTENCING MEMORANDUM OF DEFENDANT RICHARD ALBERTS, II